# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA

        Plaintiff,

VS.                                    Criminal No. 25-cr-20032-JTF

SANJEEV KUMAR,

        Defendant.

## UNITED STATES' RULE 16 EXPERT WITNESS DISCLOSURE

The United States gives notice, pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G), as well as Federal Rules of Evidence 702, 703, and 705, of its intent to introduce the testimony of Shane R. Mull, MD, MHA, FAAFP, CPC, as an expert who will give opinions on matters in the case.

Dr. Mull may also testify as a fact witness in this case regarding matters of which he has personal knowledge under FRE 602 and about which he may opine under FRE 701. This Notice does not serve either to summarize such testimony or to limit the subject areas about which he may testify. The government acknowledges its continuing duty to disclose evidence or material obtained before or during trial pursuant to Federal Rule of Criminal Procedure 16(c). Should unexpected events arise between now and trial which might require additional or different expert testimony, the government will promptly seek the Court's permission to offer the testimony of additional or alternative expert witnesses.

Since 2019, Dr. Mull has been employed by Palmetto GBA, LLC (Palmetto), a Medicare Administrative Contractor (MAC) for Jurisdiction J, which includes the State of Tennessee. Dr.

Mull is the Senior Medical Director responsible for Medicare policy and medical review within Palmetto's Jurisdiction. His role involves developing policy, analyzing claims data and coordination with other MACs, Centers for Medicare & Medicaid Services (CMS), and other Medicare contractors in an effort to reduce improper payments by Medicare. Dr. Mull's qualifications and publications authored in the previous ten years are included in his curriculum vitae, which will provided to defense. He did not write a report.

Dr. Mull will be called to explain how Medicare works, the Medicare enrollment process, the fact that Medicare does not knowingly reimburse claims that are not medically necessary or those that are not performed within the applicable laws and regulations of the United States, how health care providers are reimbursed for the items and services billed to Medicare, and the representations that providers must make to enroll with Medicare. He has not previously testified as an expert witness in the field of Medicare enrollment, coding, and billing, and the medical review of claims submitted to Medicare.

Dr. Mull will also serve as a custodian of records for the Defendant's enrollment documents with Medicare.

Dr. Mull's opinions will be based on his knowledge, training, skill, and experience working with the Medicare program, including its rules and regulations, as well as his review and analysis of documents and claims data, which have been provided as discovery to the Defendant in this case.

The government anticipates that Dr. Mull's testimony will cover the following topics and include the following opinions:

1. **Background on Medicare**

- Medicare is a federally funded program, funded by United States taxpayers, that provides health care benefits to people aged 65 years or older, disabled and those with end-stage renal disease. The CMS is responsible for the administration of the Medicare Program. Individuals who receive benefits under Medicare are referred to as Medicare "beneficiaries." Beneficiaries are eligible to receive a variety of services, including doctor's office visits and ancillary services (Part B). Part B covers, among other things, women's health care, cancer screenings, and hysteroscopies. Medicare uses entities known as "MACs", Medicare Administrative Contractors, to process and pay Medicare claims.

- Dr. Mull will explain what a claim for payment from Medicare is, and what must be included to submit a claim for payment from Medicare, including the following: (1) the claim must pertain to a patient who was properly enrolled as a Medicare beneficiary; (2) the healthcare provider who furnished the services to the patient must be licensed in the state in which they practice and be properly enrolled with Medicare; (3) the services claimed must have been actually provided as reported on the claim; (4) the services claimed must be medically necessary and eligible for reimbursement under any applicable rules, regulations, or policies; and (5) the claim must be properly reported and properly documented with a supporting medical record.

- Dr. Mull will testify to the claims adjudication process, including the extent to which claims are or are not reviewed by Medicare. It is a physical impossibility for medical records for every claim to be reviewed before the claim is paid by Medicare. Instead, Medicare relies on the provider's representation that claims are true and accurate. Dr. Mull will describe Medicare as a "trust-based system."

2. **Medicare Enrollment Process**

- Dr. Mull will explain that Medicare "Providers" include medical physicians and facilities, such as women's health clinics, who provide services to beneficiaries. In order to bill Medicare, a provider must submit an enrollment application. The enrollment application contains certification statements that the provider must agree to before enrolling with Medicare. Specifically, the certification statement sets forth, in part, that the provider agrees to abide by the Medicare laws, regulations, and program instructions, and will not knowingly present or cause to be presented a false or fraudulent claim for payment by Medicare.

- A "provider number" is assigned to a provider upon approval of the provider's Medicare application. A provider may use that provider number to file claims with, or "bill" Medicare to obtain reimbursement for services rendered to beneficiaries. When submitting claims to Medicare for reimbursement, providers certify that: (1) the contents of the forms are true, correct, and complete; (2) the forms are prepared in compliance with the laws and regulations governing Medicare; and (3) the services purportedly provided, as set forth in the claims, are medically necessary.

- Dr. Mull will authenticate and discuss the Form CMS-855B and CMS-855I, as well as other documentation submitted by Defendant and Defendant's women's health clinic. He will identify and explain the promises made in those forms to comply with applicable rules and regulations and to not submit false claims.

3. **Medicare Billing Process and CPT Codes for Hysteroscopies**

- Dr. Mull will testify that this case implicates claims submitted to Medicare for in-office hysteroscopy procedures. He will explain the reimbursement process generally and explain

that providers bill Medicare using Current Procedural Terminology ("CPT") codes and associated service descriptions as published by the American Medical Association on an annual basis. Hysteroscopy procedures are billed under CPT codes 58555-58565.

- All claims submitted to Medicare for payment must be for reasonable and medically necessary items and services. The provider is responsible for justifying the medical necessity of a service. Dr. Mull will explain generally how MACs evaluate claims for medical necessity.

- Medicare reimburses providers using a fee schedule that includes reimbursements for "Practice Expense," such as medical supplies and equipment. For all of the codes at issue in this case, the reimbursement amount from Medicare includes the cost of equipment necessary to perform the procedure.

**4.    Billing in this Case**

- Dr. Mull will apply his knowledge of Medicare rules and regulations regarding claims and reimbursement for in-office hysteroscopy services to the facts of this case.

- Dr. Mull will answer hypothetical questions drawn from the facts of this case regarding how Medicare coverage guidelines are applied in different scenarios.

- Dr. Mull may testify regarding summary exhibits explaining enrollment records, billing data and billing patterns in this case.

- Dr. Mull may quantify and summarize the amounts billed and paid for hysteroscopy procedures performed by Defendant and his women's health clinic as referenced in the Indictment—for particular beneficiaries and in total.

I, Shane Mull, MD, have reviewed the foregoing disclosure regarding my opinions,

qualifications, and prior testimony, and it is true and accurate.


__/s/ Shane Mull_____            _____6/20/2025_____
Shane Mull, MD                                                                                     Date

The United States requests disclosure under Fed. R. Crim. P. 16(b)(1)(C) of any potential defense witnesses who would give opinions as evidence at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

                               Respectfully submitted,

                               Joseph C. Murphy, Jr.
                               Interim United States Attorney
                               Western District of Tennessee

                By:     /s/ Lynn Crum_____
                               LYNN CRUM
                               Assistant United States Attorney
                               167 N. Main St., Suite 800
                               Memphis, TN 38103
                               Telephone: (901) 544-4231


**CERTIFICATE OF SERVICE**

I, Lynn Crum, Assistant United States Attorney, do hereby certify that a copy of the foregoing pleading was forwarded by electronic means via the Court's electronic filing system to the attorneys for the defendant.

This 23rd day of June, 2025.

                                             _/s/ Lynn Crum_____
                                             Assistant United States Attorney