IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. 25-cr-20032-JTF |
| **SANJEEV KUMAR,** | * | **ORAL ARGUMENT REQUESTED** |
| Defendant. | * | |

**DEFENDANT'S MOTION TO DISMISS COUNTS 1-4 OF THE SUPERSEDING INDICTMENT**

Defendant Sanjeev Kumar, through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), respectfully moves this Court to dismiss Counts 1 through 4 of the Superseding Indictment (hereinafter "Indictment"), which charge violations of the Travel Act, 18 U.S.C. § 2422(a) and 18 U.S.C. § 2, for failure to state an offense.  Counts 1 through 4 fail to allege an essential element of § 2422(a): that Dr. Kumar induced or enticed patients to cross state lines with the intent for those patients to engage in "sexual activity" involving libidinal gratification.  Rather, the Indictment alleges only that Dr. Kumar intended for those victims to undergo unnecessary medical procedures or procedures conducted with adulterated or misbranded devices.  The Indictment contains no allegations that Dr. Kumar intended for the victims to engage in conduct involving libidinal gratification. In other words, without that element, the conduct charged in Counts 1 through 4 is not prohibited by § 2422(a).  The Indictment alleges no facts which, if proven, would establish Dr. Kumar violated § 2422(a).  The Government's attempt to stretch § 2422(a) to cover alleged medical malpractice and the use of

adulterated or misbranded medical devices exceeds the statute's scope, as Congress intended to prohibit transportation for prostitution or sexual acts, not violations of Title XVIII of the Social Security Act or the Food and Drug Act. Accordingly, and for the reasons explained more fully below, Counts 1 through 4 must be dismissed.

## BACKGROUND

The Indictment alleges that Dr. Kumar induced patients to travel across state lines for medical procedures by misrepresenting their medical necessity, using adulterated or misbranded devices, and expired equipment. Counts 1 through 4 of the Indictment charge Dr. Kumar on that theory with violating 18 U.S.C. § 2422(a), which states:

> Whoever knowingly persuades, induces, entices, or coerces any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution, or in *any sexual activity for which any person can be charged with a criminal offense*, or attempts to do so, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 2422(a). Each Count corresponds to a different victim (Victims 1–4). The Government alleges that Dr. Kumar "knowingly persuad[ed], induc[ed], entic[ed], and coerc[ed]" the four victims to "travel in interstate and foreign commerce to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do the same . . . with the intention that [Dr.] Kumar would engage in one or more sex acts with Victim-1, Victim-2, Victim-3, and Victim-4." Superseding Indictment, ¶ 21.

The underlying "criminal offense" "for which any person can be charged" is Tennessee's rape statute, Tenn. Code Ann. § 39-13-503. That statute criminalizes the following conduct:

> (a) Rape is unlawful sexual penetration of a victim by the defendant or of the defendant by a victim accompanied by any of the following circumstances:
> (1) Force or coercion is used to accomplish the act;
> (2) The sexual penetration is accomplished without the

          consent of the victim and the defendant knows or has reason to know at the time of the penetration that the victim did not consent;
(3) The defendant knows or has reason to know that the victim is:
    (A) Mentally defective;
    (B) Mentally incapacitated;
    (C) Physically helpless; or
    (D) A vulnerable adult, as defined in § 39-15-501, with an intellectual disability; or
(4) The sexual penetration is accomplished by fraud.

*Id.* Though the Indictment does not identify the subsection of the rape statute with which Dr. Kumar could be charged as it pertains to each victim, (e.g., rape by the use of force, rape when knowing the victim is mentally defective, etc.), the Indictment's basis for charging rape is the performance of an unnecessary medical procedure on a female's genital area. What the Indictment does not allege, however, is that Dr. Kumar "persuad[ed], induc[ed], entic[ed], or coerc[ed]" the four victims to cross state lines to engage in conduct involving libidinal gratification.

## **STANDARD**

      A defendant may move to dismiss an indictment for "failure to state an offense" under Fed. R. Crim. P. 12(b)(3)(B)(v) when the allegations, even if true, do not constitute a violation of the charged statute. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (indictment must assert facts that, if proven, establish the offense). An indictment is sufficient only if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Courts assume the truth of the indictment's allegations but do not evaluate evidence. *United States v. Landham*, 251 F.3d 1072, 1079-80 (6th Cir. 2001). Criminal statutes must be strictly construed, with ambiguities resolved in favor of the defendant under the rule of lenity. *United*

*States v. Davis*, 588 U.S. 445, 464-65 (2019); *United States v. Emmons*, 410 U.S. 396, 411 (1973).

## LAW & ANALYSIS

Counts 1 through 4 must be dismissed because the Indictment fails to allege that Dr. Kumar induced Victims 1 through 4 to travel across state lines with intent for the Victims to engage in "sexual activity" involving libidinal gratification, which is an essential element of 18 U.S.C. § 2422(a). The alleged conduct—conducting unnecessary medical procedures or procedures conducted with adulterated or misbranded devices—is not prohibited by the 18 U.S.C. § 2422(a). Though the Travel Act does not define the term "sexual activity", case law, legislative history, and common sense all dictate that the "sexual activity" must involve libidinal gratification. Thus, even assuming the facts alleged in the Indictment are true (they are not), Dr. Kumar could not be found guilty of violating the statute.

**1. This issue is squarely governed by *United States v. Nagarwala*.**

In the past, the United States has attempted to stretch the scope of 18 U.S.C. § 2422 to include "sexual activity" not involving libidinal gratification, and a court in this Circuit correctly rejected that approach. Nearly ten years ago, the Government charged Detroit-area physicians with conspiracy to violate 18 U.S.C. § 2423(a), a statute similarly contained within the Travel Act and Chapter 117, Part 1 of the United States Code. *United States v. Nagarwala*, No. 17-CR-20274, 2018 WL 405122 (E.D. Mich. Jan. 14, 2018), *appeal voluntarily dismissed by the United States*, 2018 WL 2272668 (6th Cir. Mar. 30, 2018). That statute prohibits individuals from transporting minors with intent that the minor engage in "sexual activity for which any person can be charged with a criminal offense." *Id.* at *2 (quoting 18 U.S.C. § 2423(a)). In other words, that statute imposes the same requirement for intent as the conduct Dr. Kumar is alleged

of committing under § 2422(a), except as to minors specifically.

The defendant-physicians in *Nagarwala* were alleged to have committed female genital mutilation (FGM). *Id.* at *1. The indictment claimed that Dr. Nagarwala "sexually abused her seven-year-old victims [by] . . . digitally manipulat[ing] and penetrat[ing] the genitals . . . with her hands and a cutting instrument to remove portions of their clitorises, clitoral hoods, and/or labia minora." *Id.* at *6. She "used a sharp tool to cut and remove skin. . . . The procedure was painful and caused blood loss. It was not a legitimate medical procedure." *Id.* Dr. Nagarwala and her co-defendant moved to dismiss that charge, raising the same argument Dr. Kumar does in this Motion: the indictment contained no allegation that the defendant-physicians intended that the individual "*engage in sexual activity for which any person can be charged with a criminal offense.*" *See id.* at *2 (emphasis added).

Agreeing with defendants' position, the court dismissed the charge because the indictment did not allege that the defendants conspired to transport minors across state lines with the intent that the minors engage in "behavior associated with libidinal gratification". *Id.* at *5–6 (citing *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015); *United States v. Fugit*, 703 F.3d 248, 254–55 (4th Cir. 2012)). Because the Travel Act does not define the term "sexual activity", the court engaged in statutory construction analysis. The court reasoned that, absent a statutory definition, "sexual activity" takes its "ordinary and natural meaning," which, per Sixth and Fourth Circuit precedent, involves "behavior associated with libidinal gratification." *Id.* at *5 (citing *United States v. Mateen*, 806 F.3d 857, 861 (6th Cir. 2015); *United States v. Fugit*, 703 F.3d 248, 254-55 (4th Cir. 2012)); *see also Smith v. United States*, 508 U.S. 223, 228 (1993) ("When a word is not defined by statute, [the Supreme Court] normally construe[s] it in accord with its ordinary or natural meaning," which can often be discerned by reference to the

5

dictionary definition of that word.). In *Mateen*, the Sixth Circuit defined "sexual" as "of or relating to the sphere of behavior associated with libidinal gratification," relying on Webster's dictionary. 806 F.3d at 861. Similarly, *Fugit* defined "sexual activity" as "conduct connected with the active pursuit of libidinal gratification." 703 F.3d at 255. The Court adopted this definition of "sexual activity" involving libidinal gratification "because the phrase is not statutorily defined and this definition comports with the directive in *Mateen* to use the ordinary and natural meaning of the words in such circumstances." *Nagarwala*, 2018 WL 405122, at *6.

Applying this definition, the *Nagarwala* court found no allegations that the defendants sought libidinal gratification from FGM, despite the procedure involving genital cutting and penetration. *Id.* The court rejected the Government's attempt to equate "sexual activity" with state law "criminal sexual conduct" (Mich. Comp. Laws § 750.520b), emphasizing that criminal statutes must be strictly construed and cannot borrow definitions from other code sections and do not simply adapt state law. *Id.* at *4-5. The court concluded that FGM, though criminal under 18 U.S.C. § 116, was not "sexual activity" under § 2423(a). *Id.* at *6.[1]

Here, the Indictment alleges that Dr. Kumar performed unnecessary medical procedures on a woman's genital area or used adulterated or misbranded devices. Like the charges against Dr. Nagarwala, these procedures may involve penetration or touching the genital area of a patient. The Indictment contains no allegations, however, that Dr. Kumar sought or obtained libidinal gratification in performing the procedures, nor does it suggest the procedures were performed for sexual purposes. As in *Nagarwala*, the Government's attempt to characterize medical malpractice as "sexual activity" under § 2422(a) fails because the alleged conduct lacks

---

[1] The Court also rejected the Government's argument that the definition of "sexual acts" under 18 U.S.C. § 2246, which governs 18 U.S.C. §§ 2241–48 (statutes criminalizing sexual abuse), applied to the Travel Act.

the essential element of libidinal gratification. The charged conduct is not prohibited by § 2422(a). To hold otherwise would run afoul of the robust body of case law holding that the normal and ordinary meaning of "sexual activity" means activity involving libidinal gratification. *Mateen*, 806 F.3d at 861; *Fugit*, 703 F.3d 254-55; *United States v. Dominguez*, 997 F.3d 1121, 1125 (describing sexual as related to intercourse and deriving from or relating to desire for sex or for carnal pleasure); *United States v. Taylor*, 640 F.3d 255, 257–60 (7th Cir. 2011) (describing sexual activity as narrower than sexual acts, and listing examples like physical touching and masturbation).

Simply put, the Indictment's allegations of medical malpractice do not constitute "sexual activity" under § 2422(a).

### 2. Tennessee's rape statute cannot serve as the basis for violating 18 U.S.C. § 2422(a).

The Government's sole basis for charging Dr. Kumar under the Travel Act is his alleged violation, or intent to violate, Tennessee's rape statute, Tenn. Code Ann. § 39-13-503(a). That statute, however, does not use the phrase "sexual activity". Rather, it speaks of "[s]exual penetration", which means "means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings [of another person's body]." Tenn. Code Ann. § 39-13-501(7).

As in *Nagarwala*, where the Court rejected Michigan's criminal sexual conduct statute (Mich. Comp. Laws § 750.520b) as a predicate for charging § 2423(a), Tennessee's rape statute is not a categorical match for § 2422(a)'s "sexual activity" requirement. 2018 WL 405122, at *3. The Michigan statute at issue in *Nargarwala*, closely similar to Tennessee's rape statute, prohibits "criminal sexual conduct" involving "sexual penetration", which is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any

part of a person's body or of any object into the genital or anal openings of another person's body." Mich. Comp. Laws §§ 750.520b, 750.520a(r). The court held that "borrowing definitions of similar but different words and phrases from other statutes, and by treating these different words and phrases as synonymous with 'sexual activity,' undermines the maxim that criminal statutes must be construed strictly." *Id.* at *4. There was no proof that the Michigan statute's definition of "sexual conduct" was synonymous with the phrase "sexual activity" used in the Travel Act. *Id.* at *3. Accordingly, though the Michigan statute banned "criminal sexual conduct" involving "sexual penetration", it could not serve as the basis for the Travel Act charge against Dr. Nagarwala.

Similarly here, Tennessee's rape statute uses a term other than "sexual activity"—"sexual penetration", which can be accomplished by fraud and, under the Government's unsound charging theory, by performing an allegedly unnecessary procedure on a woman's genital area. It would be improper to treat "sexual penetration" under the Tennessee Code as synonymous with "sexual activity" under the Travel Act. Further complicating and undermining the Government's charging theory is the fact that there appears to be no decisions where a physician has been charged with rape under Tenn. Code Ann. § 39-13-503(a) for committing alleged medical malpractice.

### 3. Legislative history confirms "sexual activity" excludes alleged medical malpractice.

The legislative history of § 2422(a), rooted in the Mann Act of 1910, reinforces that "sexual activity" targets prostitution and sexual acts for gratification, not medical procedures. The Mann Act (also known as the White-Slave Traffic Act), enacted as Pub. L. No. 61-277, 36 Stat. 825 (June 25, 1910), aimed to combat transportation of women for "prostitution or debauchery". *Hoke v. United States*, 227 U.S. 308, 320-21 (1913). Congress later amended the

Act, including § 2422, to cover both genders and broader sexual conduct, such as child pornography (Pub. L. No. 105-314, 112 Stat. 2974 (Oct. 30, 1998); 18 U.S.C. § 2427). The focus remained on sexual acts involving gratification and sexual exploitation. *See id.*, at 112 Stat. 2981 (emphasizing protection against "sexual exploitation" of minors); Pub L. No. 80-772, 62 Stat. 812, amended 1986 Pub L. 99-628 ("Whoever knowingly persuades . . . any woman or girl to go from one place to another . . . for purposes of prostitution . . . or with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery").

Section 2422(a) prohibits inducing travel for "prostitution" or "sexual activity" that is criminal. Congress' consistent focus on sexual intent excludes medical procedures, even if they are unnecessary in the Government's view, or even if insurance companies do not wish to pay for the procedures. "[A] legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). The Government's theory—that alleged medical malpractice constituting state-law rape qualifies as "sexual activity"—stretches § 2422(a) beyond its congressional purpose: "The temptation to stretch the law to fit the evil is an ancient one, and it must be resisted." *Nagarwala,* 2018 WL 405122, at *6 (quoting *Moskal v. United States*, 498 U.S. 103, 132 (1990) (Scalia, J., dissenting)).

### 4. The rule of lenity further mandates dismissal.

Any ambiguity in whether § 2422(a)'s "sexual activity" encompasses unnecessary medical procedures must be resolved in Dr. Kumar's favor under the rule of lenity. *Davis*, 588 U.S. at 464-65. The rule ensures fair notice and prevents courts from expanding criminal liability beyond Congress' intent. *Liparota v. United States*, 471 U.S. 419, 427 (1985); *Nagarwala*, 2018 WL 405122, at *3. Sexual activity requires libidinal gratification and the Mann Act's focuses on

9

sexual exploitation, so lenity demands dismissal of Counts 1-4, as the statute does not prohibit the alleged conduct.

## CONCLUSION

The Superseding Indictment fails to allege that Dr. Kumar "persuad[ed], induc[ed], entic[ed], or coerc[ed]" Victims 1 through 4 to cross state lines with the intent that the Victims would engage in "sexual activity" involving libidinal gratification, an essential element of 18 U.S.C. § 2422(a). Dr. Kumar respectfully submits, therefore, that this Court dismiss Counts 1 through 4, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), for failure to state an offense. Dr. Kumar also respectfully requests that this Court permit oral argument on the Motion.

Respectfully submitted,

s/ Lawrence J. Laurenzi
Lawrence J. Laurenzi (TN BPR No. 9529)
Elena R. Mosby (TN BPR No. 40562)
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Ave.
Memphis, TN 38103
(901) 525-5000

Ronald Chapman, III (pro hac vice)
Maritsa Flaherty (pro hac vice)
CHAPMAN LAW GROUP
1441 W. Long Lake Rd., Ste. 310
Troy, Michigan 48098
(248) 644-6323

## CERTIFICATE OF SERVICE

    I hereby certify that a true and exact copy of the foregoing has been forwarded via electronic mail on this 27th day of June 2025, to the following:

Lynn Crum (Lynn.Crum@usdoj.gov)
Scott Smith (Scott.Smith@usdoj.gov)
Sarah Pazar Williams (Sarah.Williams2@usdoj.gov)
UNITED STATES ATTORNEY'S OFFICE
Western District of Tennessee
167 N. Main Street, Suite 800
Memphis, TN 38103
T: 901-969-2984

                                                    s/ Lawrence J. Laurenzi