# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                             Cr. No. 2:25cr20032-JTF

**SANJEEV KUMAR,**

      **Defendant.**

## DR. SANJEEV KUMAR'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS COUNTS 1–4 OF THE SUPERSEDING INDICTMENT

Dr. Sanjeev Kumar, by and through his undersigned counsel, submits this *Reply in Support of His Motion to Dismiss Counts 1–4 of the Superseding Indictment* that was filed on June 27, 2025.

Performing an allegedly unnecessary medical procedure, on its own, does not and cannot give rise to a violation of the Travel Act, 18 U.S.C. § 2422(a). If that were the case, every physician performing a procedure on the genital areas—an OBGYN, urogynecologist, urologist, plastic surgeon, or dermatologist, just to name a few—could be subject to federal criminal liability if that procedure was unnecessary. Congress did not intend for the Travel Act to punish such conduct and for physicians to face federal incarceration for performing an unnecessary medical procedure, absent some type of libidinal gratification being sought in relation to the procedure. The Government in its response neither alleges nor relies on any such libidinal gratification to support its Travel Act charges (Counts 1–4). Instead, the Government confirms that their theory of sexual

activity rests solely on the allegation that Dr. Kumar performed medically unnecessary procedures involving the genitals.[1]

The Government offers no legal support for its twisted attempt to charge the Travel Act in this manner. Though the Travel Act does not define the term "sexual activity", courts interpreting that term have correctly decided that the Travel Act requires not only some type of sexual conduct but libidinal gratification sought or desired with that conduct. The Government argues that *United States v. Nagarwala* was incorrectly decided, but when given the opportunity to appeal that decision to the appellate court, the government decided not to. *United States v. Nagarwala*, No. 17-CR-20274, 2018 WL 405122 (E.D. Mich. Jan. 14, 2018), *appeal voluntarily dismissed by the United States*, 2018 WL 2272668 (6th Cir. Mar. 30, 2018). The court in *Nagarwala*, in a thoughtful and well-reasoned opinion, focused on the plain language and congressional history of the Travel Act in defining the meaning of "sexual activity" and rejected the theory that penetration alone—in that case, in the removal of minor females' clitorises—constitutes "sexual activity" even if the penetration was in violation of state law. *Id.* at *5–6. Further, the Government grossly misstates *United States v. Mateen*, 806 F.3d 857 (6th Cir. 2015), by stating the decision "did not establish the definition for sexual abuse, criminal sexual activity, or what would be necessary proof in other cases." (Govt's Resp. at 5–6, ECF 79.) *Mateen* plainly holds that "sexual abuse, consistent with

---

[1] The Government also incorrectly states that "Dr. Kumar's practice was that every single patient receive a pap smear, abdominal ultrasound, intravaginal ultrasound, and hysteroscopy biopsy procedure at the first visit." (Govt's Resp. 2, ECF 79.) Counsel for Dr. Kumar has reviewed Dr. Kumar's billing data and Dr. Kumar never once billed for all four of those procedures for a patient's first visit. Lo, another example of the Government's misunderstanding and misrepresentation of the facts in this case.

2

its common meaning, connotes the use or treatment of so as to injure, hurt, or damage **for the purpose of sexual or libidinal gratification**." *Mateen*, 806 F.3d at 861 (emphasis added).[2]

The Government attempts to muddy and evade the true issue before this Court by focusing its Response on the level of "touch" or "penetration" required in the "sexual activity" to give rise to a Travel Act charge. In this case, Dr. Kumar, a gynecological-oncologist, performed a hysteroscopy, an accepted medical procedure, on his patients. The Government concedes that there was no libidinal gratification involved in any of the charged offenses. Instead, the Government argues that since hysteroscopy requires penetration of the genitals the medical procedure meets the definition of "sexual activity" under the Travel Act. A legal theory that is not and has not been supported by any federal or state court and rejected by the district court in *Nagarwala*, 2018 WL 405122. To reiterate, the question here is not whether a hysteroscopy involves penetration but whether the hysteroscopies performed by Dr. Kumar constitute "sexual activity" and thus are punishable under the Travel Act, a statute aimed at curtailing and addressing prostitution, sex trafficking, and child pornography.

Again, to be clear, the Superseding Indictment does not allege that Dr. Kumar induced or enticed Victims 1–4 to cross state lines to engage in any type of activity involving libidinal gratification. Nor does the Government's Response in Opposition to Dr. Kumar's Motion raise any acts of sexual libidinal gratification. The Government only states that Dr. Kumar encouraged these victims to cross state lines to undergo unnecessary medical procedures. A claim that fails to support the elements of the Travel Act, 18 U.S.C. § 2422(a).

---

[2] The Government also cites *United States v. O'Neal*, 835 F. App'x 70 (6th Cir. 2020), to support this proposition. This is puzzling because *O'Neal* agrees with *Mateen* that "a state conviction counts under the [child pornography] statute if it is 'associated with' actions that 'injure, hurt, or damage **for the purpose of sexual or libidinal gratification**'". *Id.* at 71 (emphasis added).

Further, Tennessee Code Annotated § 39-13-503 cannot serve as a basis for the definition of "sexual activity". The state rape statute only speaks of "sexual penetration" and, thus, under rules of statutory construction, cannot serve as a match for defining "sexual activity". That does not mean that "sexual penetration" as prohibited by Tenn. Code Ann. § 39-15-503 cannot form the basis for Travel Act liability. Rather, to serve as the "hook offense" for a Travel Act charge, the "sexual penetration" must involve libidinal gratification. Again, that is not an allegation against Dr. Kumar in this case. Further, and telling of the attenuated theory presented by the Government in Counts 1–4, there are no decisions holding a physician liable for violating Tennessee's rape statute for performing an unnecessary medical procedure.

As a final effort to save Counts 1–4, the Government argues that dismissal is not appropriate and that there are "significant factual disputes that must be resolved by a jury." Where are those facts? The Government has had the opportunity to present those facts in conjunction with this Motion and have presented no facts of sexual libidinal gratification. Likewise, the Superseding Indictment, as well as conversations with the Government, have shown no facts that serve as a basis for charging Dr. Kumar with violating the Travel Act. There are no supporting facts that Dr. Kumar enticed or induced patients to cross state lines to undergo a procedure involving libidinal gratification.

A defendant may move to dismiss an indictment for "failure to state an offense" under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) when the allegations, even if true, do not constitute a violation of the charged statute. *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (holding indictment must assert facts that, if proven, establish the offense). To require Dr. Kumar to expend the time and effort to defend allegations in the Superseding Indictment that, even if proven would not give rise to liability under the Travel Act,

is a miscarriage of justice and a plain violation of Dr. Kumar's constitutional rights. Counts 1 through 4 must be dismissed.

        Respectfully submitted,

        s/ Elena R. Mosby
        Lawrence J. Laurenzi (TN BPR No. 9529)
        Elena R. Mosby (TN BPR No. 40562)
        BURCH, PORTER & JOHNSON, PLLC
        130 North Court Avenue
        Memphis, TN 38103
        901-524-5000
        llaurenzi@bpjlaw.com
        emosby@bpjlaw.com

        Ronald Chapman, III (*pro hac vice*)
        Maritsa Flaherty (*pro hac vice*)
        CHAPMAN LAW GROUP
        1441 W. Long Lake Rd., Suite 310
        Troy, Michigan 48098
        (248) 644-6323
        rwchapman@chapmanlawgroup.com
        mflaherty@chapmanlawgroup.com

        *Attorneys for Dr. Sanjeev Kumar*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been filed using the Court's CM/ECF system which will automatically send a copy of the filing to the United States this 18th day of July, 2025.

                                              s/ Elena R. Mosby