IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>SANJEEV KUMAR, )<br>　　Defendant. ) | No. 2:25-cr-20032-SHL-1 |

**ORDER DENYING DEFENDANT SANJEEV KUMAR'S
MOTION TO CHANGE VENUE**

Before the Court is Defendant Sanjeev Kumar's Motion to Change Venue, filed July 10, 2025. (ECF No. 78.) In the Motion, Kumar seeks to transfer this case to another jurisdiction, or, in the alternative, to bring jurors in from outside the Western Division of the Western District of Tennessee "because of the prejudice that exists to Dr. Kumar in this division." (Id. at PageID 620.)

To support his argument that the "prejudice of the local community" has been "inflamed" against him, Kumar points to statements that the Government made to the press in February 2025, asserting that he had engaged in sexual abuse and calling him "a predator in a white coat." (Id. at PageID 620–21.) He further describes a web page published by the Memphis-based law firm NST, and an accompanying network news story, stating that Kumar subjected patients to "sexual abuse" and "sexual assault." (Id. at PageID 621–22.) Thus, he argues that the media coverage has created "actual prejudice against Dr. Kumar." (Id. at PageID 624.)

The Government filed its response in opposition on July 24. (ECF No. 82.) It argues that a "rigorous voir dire and focused jury instructions are more than adequate to address his concerns." (ECF No. 82 at PageID 651.) Moreover, it contends that the Western Division is an

appropriate venue because it is a large and diverse area, the pretrial publicity that Kumar describes has been slight, and nearly a year and a half will have passed from the time of the charged conduct to the day of trial. (Id. at PageID 652–54.) For evidence that the media attention on Kumar has not pervaded the Western Division, the Government points out that, after a search warrant at Kumar's clinic received media attention in April 2024, Kumar still had eight surgeries scheduled on the day of his arrest on February 28, 2025. (Id. at PageID 647.)

Criminal defendants are guaranteed a trial by "an impartial jury of the State and district wherein the crime shall have been committed . . . ." U.S. Const. amend. VI. Nevertheless, the Constitution's place-of-trial prescriptions must give way to defendants' constitutional right to a fair and impartial hearing in cases where "extraordinary local prejudice will prevent a fair trial—a 'basic requirement of due process.'" Skilling v. United States, 561 U.S. 358, 378 (2010) (quoting In re Murchison, 349 U.S. 133, 136 (1955)).

Prejudice caused by pretrial publicity may be either presumptive or actual—and either may justify transfer. Mammone v. Jenkins, 49 F.4th 1026, 1043 (6th Cir. 2022). A presumption of prejudice arises only when press coverage has "utterly corrupted" a trial's atmosphere. Id. (quoting Murphy v. Florida, 421 U.S. 794, 798–98 (1975)). But such cases are exceedingly rare. DeLisle v. Rivers, 161 F.3d 370, 383 (6th Cir. 1998) ("The category of cases where prejudice has been presumed . . . is extremely narrow . . . [and] can only be termed extraordinary . . . ." (citing Murphy, 421 U.S. at 798–99)). If the volume of pretrial coverage is insufficient to raise the presumption of prejudice, "the trial court must then determine whether it rises to the level of actual prejudice." Foley v. Parker, 488 F.3d 377, 387 (6th Cir. 2007). "Negative media coverage by itself is insufficient to establish actual prejudice . . . ." Id. "Voir dire is the 'primary

tool for discerning actual prejudice.'" United States v. Sypher, 684 F.3d 622, 627 (6th Cir. 2012) (quoting Foley, 488 F.3d at 387).

Here, the level of publicity around Kumar and these charges has not been so pervasive as to create the "circus-like atmosphere" that would militate for transfer. United States v. Poulsen, 655 F.3d 492, 507 (6th Cir. 2011) (quoting Foley, 488 F.3d at 387). The circumstances are not so extraordinary to raise the presumption of bias, nor, as the Government points out, does Kumar point to any data showing that a substantial portion of the jury pool has already formed an opinion of his guilt. (ECF No. 82 at PageID 655.) And, as to actual bias, voir dire is the proper method for examining and rooting out prejudice among jurors. Further, as an additional precaution in this case, the jury will be subjected to a juror questionnaire, a draft of which the Parties have been directed to submit to the Court.

Because the pretrial publicity has not been so pervasive as to create a presumption of bias, and because the jury itself will be screened for actual bias through voir dire, it is not necessary to transfer the case or to draw jurors from outside this division. Thus, Kumar's Motion is **DENIED**.

**IT IS SO ORDERED,** this 17th day of September, 2025.

                                                                     s/ Sheryl H. Lipman
                                                                     SHERYL H. LIPMAN
                                                                     CHIEF UNITED STATES DISTRICT JUDGE